UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES SIMONTON, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-354 |
| | ) | |
| CITY OF KINGSPORT, | ) | |
| TENNESSEE, *ET AL.* | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This *pro se* plaintiff's complaint is before the Court on the defendant's motion for summary judgment. [Doc. 32]. The plaintiff has not filed a response in the time permitted under Local Rule 7.1(a) and the time for filing a response has long since expired. The Court notes initially that, pursuant to Local Rule 7.2, the plaintiff's failure to respond, in and of itself, is sufficient grounds for the dismissal of plaintiff's complaint. Nonetheless, the Court will also address the merits of the motion for summary judgment. For the plaintiff's failure to respond, and for the reasons set forth below, the defendants' motion for summary judgment is **GRANTED**.

The plaintiff filed this suit against the City of Kingsport and its City Manager, Mayor, Police Chief, Board of Alderman, and various police officers both in their individual and official capacities. On its own motion, the Court dismissed the official capacity suits. [Doc. 2].

In the plaintiff's complaint he seeks injunctive relief "to require Kingsport Police to cease and desist from all unconstitutional activity regarding 738 E. Sevier Ave." Further, while it is somewhat difficult to decipher exactly what cause of action the plaintiff wishes to pursue, it appears that he is attempting to assert a class action on behalf of "every innocent person harassed by the Kingsport City Police in regard to their presence at 738 E. Sevier Ave.," as part of an action under 42 *U.S.C.* § 1983.

The defendants submit that the plaintiff does not have standing to assert a class action, that injunctive relief is not warranted, that the plaintiff has no constitutional right to the reputation he claims was harmed, and that the officers are entitled to qualified immunity.

Though the plaintiff does not so specifically state, careful review of his complaint leads to the conclusion that he has attempted to set forth a claim under 42 U.S.C. § 1983 for deprivation of his rights under the First and Fourth

Amendments and on behalf of a proposed class of persons who frequented the plaintiff's residence. Plaintiff's alleged claims under § 1983 all revolve around searches and surveillance of the plaintiff and his property, which ultimately resulted in the plaintiff's arrest as well as the arrest of other individuals seen leaving the plaintiff's property. Plaintiff was indicted by the Sullivan County Grand Jury and remains incarcerated on his pending charges for criminal conspiracy to sell or deliver more than .5 grams of cocaine within 1000 feet of a school and maintaining a dwelling where controlled substances are used or sold.

     The plaintiff appears to essentially be asserting that the defendants have attempted to maliciously prosecute him in such a manner that his civil rights were violated in the process. Because his criminal prosecution remains pending, any ruling by this Court on the constitutionality of the officer's actions leading to the plaintiff's arrest would necessarily implicate the validity of the criminal proceeding, and therefore, the plaintiff's claims of constitutional deprivation are not cognizable claims. *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364 (1994).

     To the extent plaintiff has made claims for conduct which would not necessarily implicate the validity of the criminal proceeding pending against the

3

defendants, the Court agrees with the defendants that their conduct did " not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818, 102 S. Ct. 2727, 2735 (1982). When a defendant in a § 1983 cause of action has claimed qualified immunity, the plaintiff carries the burden of proving that the claimed right is clearly established so as to defeat the defendant's claim. *Wegener v. Covington*, 933 F. 2d 390, 392 (6th Cir. 1991).

> [T]o find a clearly established constitutional right, a district court must find binding precedent by the Supreme Court, its court of appeals or itsself. In an extraordinary case, it may be possible for the decisions of other courts to clearly establish a principle of law. For the decisions of other courts to provide such "clearly established law," these decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, will be found wanting.

*Virgili v. Gilbert*, 272 F. 3d 391, 392-93 (6th Cir. 2001). This plaintiff has failed to make any attempt to prove that his claimed rights are so clearly established as to defeat these defendants' claims of qualified immunity.

Additionally, because the plaintiff has failed to set forth a cognizable claim

4

against these officers, and because a plaintiff cannot assert a constitutional tort on behalf of another person, the plaintiff does not have standing to assert a class claim. *Claybrook v. Birchwell*, 199 F. 3d 350, 357 (6th Cir. 2000).

For the foregoing reasons, the defendants' motion for summary judgment is **GRANTED,** and the plaintiff's complaint is **DISMISSED**. [Doc. 32].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE